[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15158
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00620-ODE

BOBBY SHINE, SHEILA SHINE,

Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,
successor by merger with BAC Home Loans Servicing, LP,
f.k.a. Countrywide Home Loans Servicing LP,
MORTGAGE ELECTRIC REGISTRATION SYSTEMS, INC., et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 1, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Bobby and Sheila Shine appeal the denial of their motion to reconsider the denial of their motion to voluntarily dismiss their complaint without prejudice and an award of costs to Bank of America, N.A., and Mortgage Electric Registration Systems, Inc. (collectively "Bank of America"). We affirm.

We have jurisdiction to entertain the Shines' appeal. Bank of America argues that the Shines' notice of appeal misnames the order they seek to have reviewed and fails to evince the intent to appeal the denial of their motion for reconsideration, but we rejected those arguments earlier and ordered this appeal to proceed. Bank of America also argues that the Shines filed their notice *pro se* in violation of a local district court rule that prohibits a represented party from proceeding on his own behalf, *see* N.D. Ga. R. 83.1(D)(2), but noncompliance with a local procedural rule does not affect the validity of a timely notice of appeal, *see* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal.").

The Shines argue that they were entitled to reconsideration of their motion to dismiss their complaint voluntarily without prejudice and that the district court erred in its award of costs to the Bank, but these two arguments fail. First, the district court committed no reversible error in dismissing the Shines' complaint with prejudice. The Shines, represented by counsel, failed even to respond to the

2

motion to dismiss filed by Bank of America, and the Shines never moved to amend their complaint. The Shines also did not argue, as they do now, that Bank of America would suffer no prejudice by the dismissal of their complaint without prejudice, and we will not consider that argument for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Second, the Shines are mistaken about the nature of the award of costs. The Shines describe the award as an award of attorney's fees, but the district court instead awarded the Bank its costs, *see* Fed. R. Civ. P. 54(d)(1).

We **AFFIRM** the dismissal of the Shines' complaint.